UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA N. CHILDERS, | |
| Petitioner, | |
| v. | Civil No. 12-cv-648-JPG |
| UNITED STATES OF AMERICA, | Criminal No 11-cr-40067-JPG |
| Respondent. | |
| | |
| JESSICA N. CHILDERS, | |
| Petitioner, | |
| v. | Civil No. 12-cv-666-JPG |
| UNITED STATES OF AMERICA, | Criminal No 11-cr-40067-JPG |
| Respondent., | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jessica N. Childers' two motions to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. The motions were filed as separate cases, but the Court believes they constitute two iterations of a single petition. Accordingly, the Court **DIRECTS** the Clerk of Court to file the § 2255 petition in Case No. 12-cv-666-JPG (Doc. 1) as a supplement to the § 2255 petition in Case No. 12-cv-648-JPG (Doc. 1) and to close Case No. 12-cv-666-JPG. All further filings shall be made in Case No. 12-cv-648-JPG. The Court now reviews the petition and its supplement pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

On August 11, 2011, Childers waived indictment and pled guilty pursuant to a written plea agreement to an information alleging one count of conspiracy to submit false, fictitious and fraudulent claims to the United States in violation of 18 U.S.C. § 286 (Count 1), one count of receiving money stolen from the United States in violation of 18 U.S.C. § 641 (Count 2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(1) (Count 3). On January 13, 2012, the Court sentenced Childers to serve 84 months in prison on Counts 1 and 2

and to serve 24 months on Count 3 to run consecutive to the term for Counts 1 and 2, for a total sentence of 108 months in prison. The petitioner did not appeal her sentence.

On May 21, 2012, the petitioner filed a § 2255 motion, and on May 29, 2012, she filed the supplement. The Court has reviewed the two filings and identifies the following claims:

1. Childers' plea was involuntary because she was unable to understand what she was doing because she was on psychiatric drugs at the time of the plea;

2. Counsel for the plea was ineffective in the following ways, which rendered Childers' guilty plea involuntary:
   a. failing to explain the plea agreement to Childers prior to the plea, including the waiver of appeal rights; and
   b. failing to give Childers a reasonably accurate estimate of her likely sentence prior to the plea, including the total likely term of imprisonment, the 2-year consecutive term for Count 3, and the location she would likely serve her term of imprisonment;

3. Counsel for the plea was ineffective in failing to ask the presiding judge to recuse himself; and

4. Childers' conviction was obtained in violation of her right against self-incrimination and her right to counsel because she was not given *Miranda* warnings before she spoke with law enforcement agents and because she was not given her medication during the interview.

The Court **ORDERS** the Government to file a response to the petitioner's § 2255 motion and its supplement, using the designations set forth above, within **THIRTY DAYS** of the date of this order. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED: November 16, 2012**

                                               s/J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**